Per'Curiam.

The partnership between the plaintiff and *212 the Websteirs was special. As between themselves it was certainly competent to make it so. The moment a sale was made by one of them he immediately became- chargeable with the amount, and the profits accrued with certainty to the others, who were ho longer subject to the general risk of loss. The defendant understood this to he the course of their dealings, or' at, least requested that the sales to him might be considered as made with the plaintiff solely, to which the latter assented. It was; therefore, not a sale as from joint partners, either in respect to the plaintiff ?s situation with the Webstérs, or to the contract as made with" the defendant, and wb think'that the plaintiff may well maintain' this actionffce) (a)
Judgment for the plaintiff.

 The partnership proved in this case, can hardly be called a special; partnership, which P -in the sense pf "thecommon law is that formed for a special or particular branch of business, as contradistinguished from the general business or employment of the parties, or of one of them.” Story on Partnership, § 75. Willett v. Ckambers, Cowp. 814,-81-6; See also 2 Bell Comm. B. 7, ch. 2