(47 App. Div. 597.)

JOHNSON et al. v. HAWS et al. (two cases).

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

AGREEMENT BETWEEN PARTNERS—KNOWLEDGE OF THIRD PARTY.

> Where the seller had knowledge, at or prior to the time of sale of certain materials to a partnership, of an agreement between the partners to the effect that one partner was not to be liable for such material, he is bound by such agreement, and cannot enforce the claim against such partner.
>
> Ingraham, J., dissenting.

Appeals from special term, New York county.

Actions by Russell Johnson and others against Walter D. Haws and others. From judgments for defendants, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Carlisle Norwood, for appellants.

Vernon M. Davis, for respondents.

RUMSEY, J. The same question is presented in each of these actions, upon the same facts. The plaintiffs claimed to charge the defendant Haws, as a partner with Chatterton and others, for lumber sold to Chatterton and used for the joint adventure. Haws claimed that the effect of the contract was not to make him a partner, that the sale was made on the credit of Chatterton, and that the plaintiffs at the time of the sale had actual knowledge that Haws was not liable for the lumber bought to carry out the enterprise. The learned justice at the special term held that this contention of Haws was correct, and he found as a fact not only that the goods were sold to the defendant Chatterton individually, and solely upon his credit, but that the plaintiffs had actual, personal knowledge at or prior to the time of the sale of said materials to the effect that the written agreement provided that Chatterton was to furnish all material and

62 N.Y.S.—41

lumber and pay all expenses for erecting the stand, and that the defendant Haws was not to be liable therefor. He found, as a conclusion of law, that Haws was not liable, and directed that the complaint be dismissed.

The plaintiffs, upon this appeal, insist that the facts in the case bring it within the rule laid down in this court in the case of Johnson v. Alexander (Sup.) 61 N. Y. Supp. 351, which was an action brought by these same plaintiffs for lumber delivered to other parties upon a contract almost precisely the same as that made between Chatterton and Haws. So far as the facts in this case are the same as those made to appear in the case of Johnson v. Alexander, we are bound to follow that ruling, and, if there is no difference, would be compelled to reverse these judgments. But in that case it did not appear that the plaintiffs had any knowledge of the terms of the agreement between the parties, or that the defendant Alexander, who confessedly shared in the profits, was not to be personally liable for the money expended in the adventure. But the fact of such knowledge appearing in this case creates a broad distinction in the application of the rule. It is settled that while third persons dealing with a partnership are warranted in assuming that each member of the firm is to be charged with the ordinary liability of a partner, as was held in Johnson v. Alexander, supra, yet if they have notice of any private arrangement between the partners by which the liability of one partner is qualified, restricted, or defeated, they would be bound by such arrangement, and could not enforce any right in contravention of it. 17 Am. & Eng. Enc. Law, pp. 996, 997; Ensign v. Wands, 1 Johns. Cas. 171; Bailey v. Clark, 6 Pick. 372; Story, Partn. § 130. The finding of the fact of the notice by the learned justice clearly brings this case within that rule. That finding is fully sustained by the evidence. It appears that before the lumber was ordered the agent of the plaintiffs had actual notice of the contract, and that it was in his possession, and that he had an opportunity to read it if he saw fit. The father of the defendant Haws testified that before the date of the contract one of the plaintiffs called at his office to ask about the financial responsibility of Haws, and was then told that Haws, by the arrangement between himself and Chatterton, was not to assume any personal responsibility for what was bought. That there was a conversation between the two parties is conceded, and that, whatever it was, it took place at the time and at the place stated by Mr. Haws. The terms of the conversation were denied by Russell Johnson, the plaintiff; but the learned justice was justified in believing Mr. Haws, and in finding that this notice was given as testified to by him. The case is therefore not governed by the rule laid down in Johnson v. Alexander, but is within the well-settled exception noted above; and for that reason the judgments of the court below were correct, and must be affirmed, with costs.

McLAUGHLIN, J. concurs.

BARRETT, J. (concurring). What I conceive to be the fallacy of the appellants' position—upon which, in Justice INGRAHAM'S opin-

ion, the case for reversal rests—lies in the statement that "there is no agreement, as between the parties, by which these defendants were not to be liable to third parties for materials furnished to the joint venture." This is emphasized by the further observation that the clause in the contract that Haws should not be liable for any expense or cost of the erection of stands "does not, in terms, refer to liability to third parties, but to the liability of the parties to the agreement as between themselves." It is difficult to perceive how an agreement between two joint adventurers, A. and B., that A. should not be liable for the expense or cost of certain stands for which materials are required, would be strengthened by the additional provision that A. should not be liable to third persons for these materials. The latter agreement is implied from the former, and any one having notice of the terms of the contract could not fail to understand that it was so implied. We might, indeed, go further, and say that it was, in terms, here provided that Haws should not be liable to third persons for materials purchased by Chatterton; for there is no real difference between such a provision and that contained in the contract. If Haws was not to be liable for the expense of erecting the stands, then, surely, Chatterton alone was to be liable and pay for the materials required in their erection. It seems like playing with words to base a distinction upon the two forms of expression. In either case the agreement was between the two joint adventurers, and it was the sale to Chatterton, with knowledge of that agreement, which effected the plain distinction between the present case and that of Johnson v. Alexander. It is idle to speak of our expressly overruling the latter case. We are doing nothing of the kind. We there held that the contract in question effected a partnership. That is all we held, and that we now hold. Of course, the conclusion there, of liability under the contract, was not based upon notice of its terms, for the simple reason that there was no such question in that case, there being no proof that the plaintiffs there had notice. Here they had full notice, and in fact sold directly to Chatterton, trusting him individually and exclusively. Each member of a partnership is its agent, and persons who deal with an individual partner, with knowledge of the limitations put upon his agency by the articles, are bound thereby. This is settled by an unbroken current of authority. To say, because parties are partners, and thus liable to third persons, without regard to the limitations of their private compacts, that third persons are not bound by notice of these limitations, is simply to repudiate the rule, and inaugurate a new doctrine, namely, that the liability of partners is so absolute that it cannot be limited, as against third persons, at all,—a doctrine which has no support in principle or authority.

In Bank v. Astor, 11 Wend. 90, Savage, C. J., said:

"If several persons become partners, and agree among themselves that neither shall make any contract to charge the other, such agreement between the partners will not affect strangers having no notice of it."

A similar observation was made by the chancellor, in the court of errors, in Whittaker v. Brown, 16 Wend. 508:

"One partner may bind the firm for a debt contracted on account of the partnership business, although it is in direct opposition to a private agreement between the partners, if the creditor has not notice of such agreement at the time the debt is contracted."

This latter observation was referred to with approval by Bronson, C. J., in Bank v. Monteath, 1 Denio, 406. Chief Justice Bronson there said that:

"Although Angell may have departed from the agreement between himself and his partners in drawing the bills, that cannot affect third persons who took the paper without notice."

And in Frost v. Hanford, 1 E. D. Smith, 541, Judge Woodruff, speaking of a similar agreement, said that:

"However valid such a stipulation may be between the co-partners themselves, it does not affect third persons dealing with the firm in the usual course of business, unless knowledge thereof is brought home to such third persons."

The numerous cases in other states, to be found in the citation from the American and English Encyclopædia of Law, given in Justice RUMSEY'S opinion, are to the same effect. With this factor of notice here for the first time, I am quite at a loss to understand how it can be said that the exact question now before us was decided in Johnson v. Alexander. I concur in the affirmance of the judgment.

VAN BRUNT, P. J., concurs.

INGRAHAM, J. I cannot assent to the affirmance of this judgment, as to do so would expressly overrule the decision of this court in the case of Johnson v. Alexander (Sup.) 61 N. Y. Supp. 351. The question in that case was as to the liability of the parties to an agreement almost exactly similar to the one in this case; and we there held that by the agreement all the parties to it became partners or joint adventurers, and were liable for materials furnished or contracts to carry out the object of the contract. We said in that case:

"We are concerned only with the obligation towards third parties, and whether or not this agreement constituted these defendants co-partners or joint adventurers as to third parties supplying or furnishing materials necessary to the successful prosecution of the adventure. * * * The intention of the parties to this agreement is therefore clear. Its object, as before stated, was to secure net profits, to be divided among those interested. The net profits were to be ascertained by deducting all the expenses incident to the adventure, including the cost of furnishing the necessary labor and materials. What, then, are the legal relations of these parties interested in such adventure, and who were to receive the profits, as to third parties?"

Then, after examining and discussing the authorities, we said:

"This rule, thus stated by the highest court of the state, is the one which is controlling, and which it is our duty to apply. The extent of the rule is well illustrated by the exceptions to it which have been recognized. Thus, the rule is general that participation in profits renders their recipient a partner in the business from which the profits are derived, as to third persons. * * * The general principle upon which these exceptions have been established is that in such cases the parties have no interest in the profits or business, but simply have adopted a division of receipts as a method of ascertaining the amount of compensation for the services rendered or property used. But where the par-

ties contemplate that profits, as such, should be divided, giving to the persons entitled to receive their proportion of such profits the right to call the remaining persons to account; giving each one to the other the right to enforce the agreement as a co-partner, so that the profits, as a whole, vest in the adventurers, to be divided among them in the proportions agreed to,—then, as to third parties, the co-partnership is formed."

And we held that under the agreement each party to it was liable for the materials furnished which were necessary for the successful prosecution of the adventure, and the rule there formulated applies to the agreement under which the defendants acted in this case. The decision in that case was not influenced by the fact that the plaintiff had or had not knowledge of the co-partnership agreement, but upon the liability imposed by law upon each party to that agreement, because of the fact that they were to share in the profits of the joint adventure, and that each party to the agreement was entitled to a share of those profits as profits. In this case, however, there is no agreement, as between the parties, by which these defendants were not to be liable to third parties for materials furnished to the joint adventure. It is true that a notice was given to the plaintiffs that these defendants were not so liable, but under the agreement as construed by us in Johnson v. Alexander, supra, all the parties were liable. We there held that under the contract the parties were liable irrespective of notice. The clause in the contract by which it appears that "the party of the first part not to be liable for any expense or cost for erecting or renting said stands, or for any deficiency, if the sum received for the renting or privilege connected therewith be not sufficient to pay for the same," does not, in terms, refer to liability to third parties, but to the liability of the parties to the agreement as between themselves. The contract provided that the party of the second part was to furnish all materials and labor for the erection of the said stands and to build the same, and also to provide and obtain all necessary guards, watchman, ushers, policemen, etc., that may be required for the proper protection and renting of the stands; "the party of the first part not to be liable for any expense or cost for erecting or renting said stands, or for any deficiency, if the sum received for the renting or privilege connected therewith be not sufficient to pay for the same." This agreement, it seems to me, is one between the parties to the contract, as to their liability to each other, and not as to the liability of either of the partners to third parties. As was said by Chief Justice Ruger in Hackett v. Stanley, 115 N. Y. 627, 22 N. E. 746:

"But we think that the division of profits must still be considered the most important element in all contracts by which the true relation of parties to a business is to be determined. We think this rule is founded in strict justice and sound policy. There can be no injustice in imposing upon those who contract to receive the fruits of an adventure a liability for credits contracted in its aid, and which are essential to its successful conduct and prosecution. This liability does not, and ought not to, depend upon the intention of the parties in making the contract to shield themselves from liability, but upon the ground that it is against public policy to permit persons to prosecute an enterprise which, however successful it may for a time appear to be, is sure in the end to result in advantage to its secret promoters alone, and the ruin and disaster of its creditors and others connected with it."

And in discussing this rule we said in Johnson v. Alexander, supra:

"But where the parties contemplate that profits, as such, should be divided, giving to the persons entitled to receive their proportion of such profits the right to call the remaining persons to account; giving each one to the other the right to enforce the agreement as a co-partner, so that the profits, as a whole, vest in the adventurers, to be divided among them in the proportion agreed to,—then, as to third parties, the co-partnership is formed."

And in speaking of the contract in that case, which, as stated by Mr. Justice RUMSEY, is substantially like the one in question, we said:

"It is not necessary for us to determine whether or not that would be true as between the parties to the agreement. We are dealing now with the liability of these joint adventurers to third parties who furnished the labor and material necessary for the adventure. As to such third parties, it was entirely immaterial what agreement the parties, as between themselves, had made. It is quite clear that under the agreement Chatterton was not to furnish this erected stand as his contribution to the partnership. He was to build and erect the stand, and, as between the parties, was to assume the obligation of procuring the lumber and labor to erect it, but he was not to contribute the stand as his share to the joint adventure, because it was to be paid for out of the proceeds of the joint adventure; and while, under the agreement, he might have been responsible to the other parties to it for a failure to procure such material and labor, his act in procuring them, as to third parties, was the act of all the associates, and they were liable for the obligations incurred by him."

The construction that we have to this contract in Johnson v. Alexander was not based upon either notice or absence of notice of the terms of the agreement to the plaintiff, but upon the obligation assumed by the parties to it to third parties. For these reasons, I think the judgment should be reversed.