JONES v. RAMSEY et al.

(Supreme Court, Appellate Division, First Department.   July 8, 1908.)

1. JUDGMENT—PLEADING—SUPPLEMENTAL ANSWER—JURISDICTION TO ALLOW.
The Special Term has jurisdiction during the trial of an action at Trial Term to allow service of a supplemental answer, pleading recovery in another action, alleged to be on the same cause of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1790.]

2. APPEAL AND ERROR—REVIEW—FORMALLY PRESENTING PLEADINGS BELOW.
Where defendant was led to refrain from presenting a proposed supplemental answer, setting up recovery in another action, alleged to be on the same cause of action, on the theory that it would be of no avail, in view of the ruling of the court striking such allegations from an amended answer and refusing to allow their restoration, notwithstanding its attention was called to the fact that the Special Term had granted leave to file a supplemental answer setting up such fact, such failure to formally present it does not militate against his right to a reversal.

3. SAME—HARMLESS ERROR.
Error in denying defendant the right to file a supplemental answer setting up recovery in another action alleged to be on the same cause of action is not cured by the subsequent reversal of the judgment in the other action.

Appeal from Trial Term.

Action by John S. Jones against Joseph Ramsey, Jr., impleaded with others. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant Ramsey appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Appelton D. Palmer, for appellant..
David McClure (William Burry, on the brief), for respondent.

LAUGHLIN, J.   This action is brought to recover of the defendants the sum of $370,000, alleged to have been paid out by the plaintiff, at their special instance and request, in the purchase of lands for them in the state of Ohio, in the latter part of the year 1902 and the first half of 1903, and plaintiff seeks to recover $90,000 in addition thereto for moneys paid out by him at the special instance and request of the defendants in examining, prospecting, and drilling the lands so purchased for coal, and for commissions for his services, aggregating the sum of $460,000, for which he demands judgment, together with interest thereon from the 1st day of January, 1903, besides costs.

It appeared upon the trial that the defendants were constituted the managers of a syndicate, known as "Little Kanawha Syndicate," to which others, including plaintiff, were subscribers. The syndicate agreement was dated the 2d day of December, 1901, and by virtue of its provisions the subscribers became such as of that date. The object of the syndicate, as stated in the agreement, was to purchase a line of railroad extending from Parkersburg, W. Va., up the Little Kanawha river, about 30 miles, known as the "Little Kanawha Rail-

road," as then constructed and owned, and to extend the same eastward, and to purchase or build a railway from Parkersburg to Zanesville, Ohio, and to purchase coal lands in West Virginia. The syndicate agreement recited that the defendants and the subscribers thereto wished to form a syndicate to advance the necessary money to the amount of $6,000,000 for the purposes specified. It does not appear whether the operations of the syndicate with respect to purchasing coal lands were extended to Ohio, in writing or verbally; but according to the testimony of the plaintiff he purchased the lands and paid out his own money therefor at the instance of the defendant Ramsey, but on the understanding that the lands were acquired for this syndicate, and that he was "to finance the deal until such a time as the Little Kanawha Syndicate would and could refund" the money "by making an assessment on the syndicate." He further testified that Ramsey indicated to him on a map the lands that were desired, and stated, in effect, that it would be unwise to have it known that the syndicate was buying the lands, and that it was advisable to have the plaintiff purchase the lands and advance his own money therefor, if he would be able to do so; that he agreed to this, and asked Ramsey in whom title should be taken, to which Ramsey replied "that I could take it in any way that I saw fit, and hold it until such time as the arrangement which he proposed with the syndicate could be carried out—that is, that the syndicate would pay back the money that I paid out, by an assessment that he, would make upon the Little Kanawha Syndicate"; that the question arose and was discussed between him and Ramsey as to whether he should take title in his own name or in the name of a corporation which he was desirous of organizing, under the name of "National Hocking Coal Company," as the holding company, to take title to the lands, as he deemed that course better, and that "Mr. Ramsey said he did not care how I handled the matter, so I handled it and furnished the money necessary to purchase the lands." The lands were purchased by the plaintiff with his own funds, and title was taken in the name of the corporation which he organized under the name already stated. There is no evidence that either of the other defendants had any negotiations or correspondence with the plaintiff which would render them liable to him. His theory was that the defendant Ramsey, with whom he had negotiations, acted for and represented the other defendants, fellow managers of the syndicate with him, and that on account of the relation existing between the defendants by virtue of the syndicate agreement they were all liable to him.

At the close of the plaintiff's case, on motion of counsel for Gould and Guy, the court dismissed the complaint as to them, but denied the motion to dismiss it as to the appellant. It is doubtful whether the recovery could be sustained on the merits, on the complaint and evidence. The complaint shows that the lands were purchased at the request of the defendants and that the defendants promised and agreed to reimburse the plaintiff therefor. If there be any evidence to sustain that theory, the verdict in favor of the plaintiff thereon is against the weight of the evidence, for certainly the preponderance

of the evidence shows that the plaintiff purchased the lands, investing his own funds therein, and made the disbursements and rendered his services upon the express understanding that he was to be reimbursed therefor, not by the appellant, but by the syndicate, and there is no allegation or proof that the appellant was not authorized by the syndicate to make the arrangement which was made with the plaintiff, nor is there any allegation that the appellant failed to make an assessment or take the necessary steps, after demand, to obtain the funds from the syndicate to reimburse the plaintiff. It would be our duty, therefore, to set aside the verdict as against the weight of evidence, for clearly appellant was not to be liable in the first instance without proof of neglect to carry out his agreement to levy an assessment on the syndicate, or of want of authority to represent the members thereof who were known to plaintiff; but, if this were not so, there are errors which require a new trial.

It appears that the plaintiff brought another action against the same defendants to recover upon the same cause of action, but upon a different theory. The material facts being the same, a recovery in the other action, if not warranted on the theory claimed, could have been had on the theory here asserted, if they gave rise to individual liability on any theory. See Brackett v. Griswold, 112 N. Y. 454, 20 N. E. 376. In the complaint in the other action he predicates their liability upon the ground that they were acting as managers of the syndicate; but the items for which recovery was sought are the same, and judgment was there, as here, demanded against them individually. The plaintiff obtained a verdict in that action for the amount he seeks to recover in this, and on substantially the same facts, and judgment was entered upon the verdict, from which the defendants appealed. The judgment was reversed by this court (Jones v. Gould, 123 App. Div. 236, 108 N. Y. Supp. 31), upon the ground, among others, that the defendants were acting as agents of disclosed principals, namely, the members of syndicate, and were not personally liable. The evidence in that record is not materially different from that in the record now before the court.

When this action was tried, counsel for the plaintiff discovered that the complaint erroneously alleged that the plaintiff purchased all the lands in the latter part of the year 1902, whereas some of the lands were purchased during the fore part of 1903. Counsel for the plaintiff, during the presentation of his case, requested leave of the court to amend this part of the pleading so as to read as follows:

"That the plaintiff, in pursuance of said agreement during the latter part of the year 1902 and the first half of 1903, purchased for the said defendants 18,000 acres of land."

Counsel for the defendants objected, unless the court required the pleading to be formally amended and served, giving his client leave to answer and plead that in an action subsequently brought by the plaintiff against these defendants, on identically the same facts and cause of action, the plaintiff had recovered a judgment which had been duly entered. During the discussion of this matter between the court and counsel, the court said:

"It was brought to my attention before that a motion to that effect was pending before Special Term, but that has not been decided."

Counsel for defendants informed the court that that was true, but that it did not affect the authority of the trial court to allow the answer to be thus amended. The court expressed an intention to limit the defendants to answering the new matter which plaintiff desired to plead. Thereupon counsel for the defendants stated that he excepted to the court's refusal to permit him to serve it, whereupon the court said:

"You can state it to me. It contains a plea of a former judgment between the same parties?"

Counsel for defendants answered the interrogation of the court in the affirmative, and stated that the amended answer contained a general denial and pleads that the complaint sets up the same cause of action as in another action between the parties on which judgment has been entered in favor of the plaintiff. The court thereupon granted plaintiff's application to amend, and denied the appellant's demand that a formal pleading be served and that he be given leave to interpose an amended answer, pleading the judgment in the other action as a bar, and counsel for the defendants duly excepted. During the presentation of the defense, counsel for the appellant informed the court that the motion of the defendants for leave to file a supplemental answer, setting up the judgment recovered in the other action as a bar, had been granted by the Special Term, and that the decision was announced in the Law Journal of that day, and that in view of the decision of the Special Term he asked that the court reverse its former ruling, striking out that portion of the amended answer to the amended complaint which pleaded the judgment as a bar and let his amended answer stand with that plea in, or to permit him to serve an amended answer interposing the plea of the recovery in the other action as a bar, and he also offered the judgment roll in the other action in evidence. The court allowed the statement to be entered upon the record that the Special Term had granted the motion for leave to serve a supplemental answer by pleading the recovery in the other action as a bar.

No objection was raised, either by counsel for respondent or the court, that a formal order granting such leave had not been entered and served. Had such question been raised, there would have been ample time for the entry and service of the order before the close of the trial. The pleading which the defendants had served in open court in answer to plaintiff's amended complaint contained the appropriate allegations with respect to the recovery of the judgment and pleading the same in bar, and those allegations, when the answer was served the day before, had been stricken out by the court. The request of counsel for appellant to have those allegations which had been stricken out restored would have presented the pleading in the form in which he desired it and in accordance with the right accorded his client by the decision at Special Term. The record does not show that any objection was made or question raised, either by counsel or by the court, that another formal answer, presenting the

plea, was not tendered. From the remarks of the court it is evident that the court was of opinion that the Special Term was without jurisdiction to modify the pleadings during the trial of an action at Trial Term, and it is manifest that it was upon that theory that the appellant was deprived of the benefit of this plea.

It is unnecessary to decide whether the defendant was entitled, as matter of right, to serve a formal answer to the amended complaint, pleading the recovery in the other action since the service of the original answer as a bar, and on that question the members of the court entertain different views. We are all of opinion that the Special Term had jurisdiction to allow the service of a supplemental answer, pleading the recovery in the other action as a bar, and that this gave the defendants, and the appellant when left as the sole defendant, an absolute right to serve it forthwith, and entitled them and him to the benefit thereof. Since the appellant could, and doubtless would, have done this, had objection been taken either by court or counsel that the proposed supplemental answer was not presented, and was led to refrain from doing so on the theory that it would be of no avail, in view of the ruling of the trial court, we are of opinion that he is entitled to a reversal.

We have observed, but it is unnecessary to decide, that both actions are founded on the same cause of action. The appellant was entitled to the benefit of his pleading, and to present the judgment roll upon that theory. The error occurred upon the trial. It cannot be remedied or corrected by a subsequent occurrence in the other action. The fact that the judgment in the other action has since been reversed by this court does not cure the error. The appellant was entitled, as matter of right, to make the record according to the facts, and to have this plea and the judgment roll in the record, and to any advantage that might accrue therefrom. If a party unnecessarily prosecutes two actions on the same cause of action, he may expect that some of the proceedings will go for naught. It has been an expensive experiment for the plaintiff, and has also unnecessarily burdened the courts; but, so long as the plaintiff claims that the causes of action are different, he cannot be heard to object to this being moved for trial, and, if they were different, the defendants would have the right to have them tried, unless the plaintiff discontinues or submits to a dismissal in one, and the courts would be obliged to hear and decide the cases as they come before them; but it would seem that the court may of its own motion refuse to hear both of these actions, upon the ground that they involve the same cause of action.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.

INGRAHAM and HOUGHTON, JJ., concur. SCOTT, J., concurs in result.

McLAUGHLIN, J. (concurring). The plaintiff was permitted to amend his complaint at the trial, and thereupon the defendant Ramsey had an absolute right, under the statute, to interpose answer thereto, and set up such facts as he might be advised constituted a defense,

whether they occurred prior or subsequent to the commencement of the action. When the court refused to allow him to plead the recovery of the judgment in the other action, this right was denied him. The court had no power to limit his defense. It was not a supplemental answer, but an answer to the amended complaint, and took its place in the action, so far as the trial was concerned, precisely as though it had been interposed when issue was first joined.

Upon this ground, as well as those stated by Mr. Justice LAUGHLIN, I am of the opinion that the judgment appealed from should be reversed, and a new trial ordered.

INGRAHAM, J., concurs.