<hr/>

### JONES v. GOULD et al.

(Supreme Court, Appellate Division, First Department. June 2, 1911.)

1. JUDGMENT (§ 197*)—OF DISMISSAL—WHEN PROPER.

Strictly speaking, a judgment of dismissal should be entered only when intended to nonsuit.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 197.*]

2. TRIAL (§ 165*)—DISMISSAL—EFFECT.

When a complaint is dismissed for failure of proof, the dismissal is not on the merits; it being only when a prima facie case is made out and proof offered to rebut it that the merits are involved.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 165.*]

3. JUDGMENT (§ 570*)—OF DISMISSAL—EFFECT.

A judgment of dismissal should be regarded as not adjudicating the merits, where there is neither direction of verdict nor a finding by the court to sustain a judgment on the merits, though the judgment as entered recites dismissal on the merits.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 570.*]

4. JUDGMENT (§ 256*)—ON MERITS—ESSENTIALS.

A judgment upon the merits must rest upon findings of fact expressed in some form by verdict or by findings of the court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

5. JUDGMENT (§ 271*)—ENTRY—AUTHORITY.

The warrant for entering judgment in an action tried by jury is the clerk's minutes, and not an order made weeks after the trial term has ended.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 271.*]

Appeals from Special Term, New York County.

Action by John S. Jones against George J. Gould and others. From an order denying motion to correct judgment, both parties appeal. Affirmed as to defendants, and reversed and motion granted as to plaintiff.

See, also, 128 N. Y. Supp. 280, 1128.

<hr/>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edgar T. Brackett, for plaintiff.
Rush Taggart, for defendants.

SCOTT, J.  This is an appeal by both parties from an order made upon plaintiff's motion for an order correcting the judgment which was entered herein on December 17, 1907, by striking out the words "on the merits" wherever it occurs.  The facts appear to be as follows:

This is one of two actions commenced by plaintiff against defendants appellants and Joseph Ramsey, Jr., upon the same facts and for the same relief, but, as it is said, upon different theories as to plaintiff's right to recover.  This action is No. 1.  It was begun in June, 1905; action No. 2 having been begun in January, 1906.  This action came on for trial before the court and a jury in 1907, and at the close of the plaintiff's case it was dismissed as to the appellants Gould and Guy, and proceeded to a verdict as to the defendant Ramsey.  The judgment which was entered dismissed the complaint as against Gould and Guy "upon the merits."  The plaintiff, although he appealed from this judgment in so far as it dismisses the complaint against Gould and Guy, did not prosecute his appeal, and it was dismissed.  The Appellate Division reversed the judgment as against Ramsey and ordered a new trial.  Action No. 2 had previously come on for trial before the court and a jury, and resulted in a verdict against all the defendants, upon which a judgment was entered.  From this judgment an appeal was taken to the Appellate Division, which reversed it, with an opinion indicating that the complaint did not state a cause of action.  Defendants then moved upon the pleadings at Special Term to dismiss the complaint.  This motion was denied, but the order was reversed at the Appellate Division, and judgment entered for the defendants.  This judgment was reversed by the Court of Appeals upon grounds which necessitated a new trial upon the merits.  The plaintiff now expresses himself as apprehensive that the defendants Gould and Guy may attempt to interpose in action No. 2 the defense of res adjudicata by pleading the dismissal of the complaint *on the merits* in action No. 1.  To avoid this possibility he now seeks to strike out from the judgment in action No. 1 the words "on the merits," so that the judgment will show, as he asserts was the fact, that the dismissal as to Gould and Guy was only a nonsuit.

The record before us is a little confused.  It appears that the attorneys for Gould and Guy at first, for what reason we do not understand, refused to appear upon the motion, except "specially," for the purpose of objecting that the court had no jurisdiction to entertain the motion.  Of course there was no force in this objection, for the court always has jurisdiction over its own judgments, to correct them, if a proper case is made out for such action.  Ellis v. Hearn, 132 App. Div. 207, 116 N. Y. Supp. 977.  The only question upon such a motion as the present is whether or not the desired correction

should be made, and this is not a question of jurisdiction. The court at Special Term was therefore right in holding that it had jurisdiction to hear the motion, and the defendants' appeal is therefore not well taken.

After the time limited by the rules for the service of answering affidavits had expired, the defendants sought to appear generally in opposition to the motion; but the plaintiff refused to receive their affidavits, and objected to their being allowed to appear and be heard upon the merits. The court declined to grant such an important motion upon default, when the defendants were striving to be heard upon it, and denied plaintiff's motion, with leave to renew. The plaintiff, instead of availing itself of the leave to renew the motion, now appeals to this court from the order in so far as it denies his motion, and prints as a part of the appeal papers the affidavits and exhibits which defendants sought to read in opposition to the motion. From this circumstance we assume that plaintiff intends to submit the appeal on all the papers, waiving any objection he may have heretofore raised to the right of the defendants to appear and oppose the motion on the merits. This assumption is strengthened by the fact that we find among the appeal papers, after a statement of the objections which plaintiff interposed to defendants' general appearance, the following note:

"Stipulation adjourning hearing until March 21, 1911, and waiving the above objection No. 1."

As the objection thus apparently waived was the only one worthy of any consideration, we conclude that there is no obstacle in the way of a determination on the merits.

[1, 2] There has been no little uncertainty and confusion concerning the proper practice as to the dismissal of a complaint. Properly speaking, a judgment of dismissal should be entered only when it is intended to nonsuit the plaintiff; but it has frequently happened that judgments have been entered in the form of a dismissal on the merits, when what was really intended was the rendition of a final judgment against the plaintiff. "Where the complaint is dismissed because of failure of proof, the dismissal is not upon the merits, because the merits are not involved; the complaint being dismissed because of want of merit in the proof. It is only when a prima facie case is made out, and proof offered to rebut it, that the merits are involved." Martin v. Cook, 14 N. Y. Supp. 329–331;[1] Koewing v. Thalmann, 139 App. Div. 893, 123 N. Y. Supp. 750; Molloy v. Whitehall Portland Cement Co., 116 App. Div. 839–843, 102 N. Y. Supp. 363.

[3] If the direction for judgment was made because the plaintiff had failed in his proof, it must therefore be construed as a dismissal of the complaint, and the words "on the merits" had no proper place in the postea. And we are compelled to conclude that what the court intended was to dismiss the complaint, because that there was neither the direction of a verdict nor a finding by the court to sustain a judgment on the merits. "If there is no evidence to sustain an opposite

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 60 Hun, 577.

verdict, a trial court is justified in directing one, not because it would have authority to set aside an opposite one, but because there was an actual defect of proof, and hence as a matter of law the party was not entitled to recover." McDonald v. Met. Street R. Co., 167 N. Y. 66–70, 60 N. E. 282, 283.

[4] It is fundamental that a judgment upon the merits must rest upon findings of fact expressed in some form either by the verdict of a jury, or by the findings of the court; otherwise, the judgment has nothing to support it. The fact that the dismissal was stated to be "on the merits," and the judgment entered in that form apparently by direction of the court, does not establish that judgment as a conclusive one. Even where a judgment has been entered upon a directed verdict, it is not a bar if the verdict *might* have been directed upon the merits, but only if it *must* have been so directed. "The judgment roll is the primary, but not the exclusive, guide to determine the question; and when it appears therefrom that the judgment might have been rendered on the merits, or upon a ground not involving the merits, the presumption is that it was not upon the merits, and the burden is upon the one who claims it as a bar to show by extrinsic evidence consistent with the judgment roll that it was in fact rendered upon the merits." Clark v. Scovill, 198 N. Y. 279, 91 N. E. 800. The case just cited is decisive of the question we have to consider. Although the judgment is in form "upon the merits," the presumption is that it was not because it is unsupported by verdict or finding of fact, and it is manifest that the complaint *might* have been dismissed upon a ground not involving the merits. Indeed, the proceedings upon the trial, quoted from the case on appeal from the judgment, show very plainly that what happened amounted only to a nonsuit. The order made by the justice who presided at the trial, more than a month after the trial had been concluded, which directed judgment to be entered dismissing the complaint upon the merits, was a nullity, and added no force to the judgment. It may therefore be disregarded.

[5] The warrant for entering judgment in an action tried before a jury is the clerk's minutes, and not an order made weeks after the term had ended. There is no difficulty about the power of the court to make the desired and proper correction in the judgment. Clark v. Scovill, supra, arose upon a similar motion respecting a judgment entered several years before upon a directed verdict, and the Court of Appeals held decisively that the court possessed inherent power to grant the motion.

It follows that the order, in so far as appealed from by defendants, is affirmed, and, in so far as appealed from by plaintiff, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

129 N.Y.S.—66