## SHEA v. OUSSANI.

(Supreme Court, Appellate Term.    April 9, 1912.)

1. Judgment (§ 197*)—Dismissal—Failure of Proof.
    Where a counterclaim is dismissed for failure of proof, a dismissal on the merits is improper; the merits only being involved where a prima facie case is made out and proof offered to rebut it.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 357, 359; Dec. Dig. § 197.*]

2. Evidence (§ 441*)—Parol—Varying Writing.
    An agreement to renew a note, made by the payee at the time the note was executed, cannot be proved by parol, since it would vary the written contract.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719–1845, 2030–2047; Dec. Dig. § 441.*]

Appeal from City Court of New York, Trial Term.

Consolidated action by Patrick H. Shea against Joseph Oussani. From a judgment for plaintiff, defendant appeals.    Modified.

See, also, 133 N. Y. Supp. 1074.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Katz & Sommerich (Maxwell C. Katz and Otto C. Sommerich, of counsel), for appellant.

Burnstine & Geist (A. Joseph Geist and Henry C. Burnstine, of counsel), for respondent.

GUY, J.    The defendant appeals herein from a judgment entered by direction of the court in favor of plaintiff in a consolidated action brought upon four separate promissory notes.    The answer to action No. 1 alleges, first, an agreement of renewal for a valid consideration, and, second, sets up a counterclaim for breach of contract on the part of the plaintiff in failing to properly perform his duties as an employé of the defendant, and a further counterclaim for the recovery of certain moneys paid to plaintiff as an employé of the defendant.    The answers in the other three actions are substantially the same as in action No. 1.

The making of the notes being admitted, the defendant took the affirmative, and introduced evidence to the effect that the defendant, who was the owner of two apartment houses in this city, gave to plaintiff, prior to defendant starting for Europe in November, 1910, a power of attorney authorizing plaintiff to make any and all agreements on behalf of the defendant for such term of years and upon such terms as to plaintiff might seem best, and that it was then agreed that plaintiff should be paid $50 per month for his services as renting agent and superintendent of defendant's buildings during the absence of the defendant, and that plaintiff agreed that he would devote as much time to the renting of apartments in defendant's buildings as possible, and would see that the houses were run in perfect order.    Defendant endeavored to show by several witnesses that plaintiff failed to perform his duty properly and in accordance with his agreement, and

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that by reason thereof a number of apartments in the buildings in question remained vacant, to defendant's great damage.

[1] This proof, however, being insufficient to establish a breach of his contract of employment on the part of the plaintiff, the court properly dismissed the counterclaims. The learned court erred, however, in dismissing the counterclaims "upon the merits." There was merely a failure of proof in establishing defendant's counterclaims, and "it is only when a prima facie case is made out, and proof offered to rebut it, that the merits are involved." Jones v. Gould, 145 App. Div. 271, 129 N. Y. Supp. 1038.

[2] As to the allegation of the answer that "prior to the commencement of the action, for a valid consideration, the plaintiff agreed with the defendant to extend the time of payment of said note upon payment of interest from time to time and as long as the defendant would wish," no evidence was offered by defendant tending to show the making of such an agreement subsequent to the time of the execution and delivery of any one of the notes in suit. The questions asked plaintiff's witnesses on this point related solely to conversations had between plaintiff and defendant at the time of the execution and delivery of the notes in suit, and therefore tended to vary the terms of the written contract. This evidence was properly excluded by the trial court; and, in the absence of any defense, the court properly directed judgment in favor of the plaintiff.

The judgment, however, must be modified, so as to strike out the words "on the merits," so far as it dismisses the defendant's counterclaims, and, as so modified, affirmed, without costs to either party. All concur.