(95 Misc. Rep. 603)

## COE v. HAIGHT.

(Supreme Court, Appellate Term, First Department. June 16, 1916.)

1. EVIDENCE ⬅600—SUFFICIENCY—SET-OFF AND COUNTERCLAIM—CLAIM FOR STORAGE.

In a suit for the conversion of a piano, a counterclaim for storage was not established, where it appeared that, when defendant refused to deliver the piano, she made no claim for storage, but only for damages

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for plaintiff's failure to retain a room for a year, and did not establish the reasonable value of the storage.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2453–2455; Dec. Dig. ⚙══600.]

2. LANDLORD AND TENANT ⚙══245—LIEN—STATUTE.

The statute giving a lien for accommodation, board, lodging, and extras furnished cannot be extended to cover future rent after departure or damages under a yearly hiring of a room.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 988–990; Dec. Dig. ⚙══245.]

3. APPEAL AND ERROR ⚙══907(1)—REVIEW—PRESUMPTIONS—MATTERS NOT SHOWN.

In a suit for the conversion of a piano, where defendant counterclaimed for the balance due for the hiring of a room for one year, the Supreme Court, on appeal from a judgment for defendant, must assume that the hiring was by the year.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2915, 3673; Dec. Dig. ⚙══907(1).]

4. LANDLORD AND TENANT ⚙══109(5)—"SURRENDER"—"ACCEPTANCE."

The act of the plaintiff in giving to defendant, a boarding and lodging house keeper, the keys to a room which she had hired of defendant, and defendant's subsequent re-renting of the room constituted a "surrender" and "acceptance" from the date of such re-renting.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 365; Dec. Dig. ⚙══109(5).

For other definitions, see Words and Phrases, First and Second Series, Acceptance; Surrender.]

5. LANDLORD AND TENANT ⚙══231(1)—CLAIM FOR RENT—BURDEN OF PROOF.

Where the date of the surrender and acceptance did not appear, the defendant could not claim rent for the entire period of hiring, and the burden was on her to show the period for which she was entitled to rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 926; Dec. Dig. ⚙══231(1).]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Sarah E. Coe against Elizabeth K. Haight. From a judgment entered in favor of the defendant after a trial before the court without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

Foody & Dey, of New York City (Bartholomew Foody, Jr., of New York City, of counsel), for appellant.

Myron Sulzberger, of New York City (Isidor Enselman, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff herein sues for the conversion of a piano. The answer contains a general denial, and a defense that the defendant is detaining the piano by reason of a lien of $33 for use and occupation by the plaintiff of part of defendant's premises, where the defendant is a boarding and lodging house keeper. The answer also contains a counterclaim for the sum of $33 for this use and occupation, and a further counterclaim of $224, being the amount still unpaid for a room which the defendant claims that she leased to the plaintiff for

the term of one year from the 1st day of October, 1914, at the weekly rental of $8 per week.

At the trial the defendant admitted the plaintiff's title to the piano, but claimed a lien thereon for a charge of $33 for storage of the piano, and a further lien for the unpaid rent of the room rented by the plaintiff. It appears from the evidence that the plaintiff, about October 5, 1914, hired a room in defendant's boarding house at $8 a week. The defendant claims that the plaintiff agreed to hire the room for a year; the plaintiff denies that she agreed to take the room for any definite period. On or about the 7th day of April, 1915, the plaintiff, with the permission of the defendant, brought to the boarding house the piano which forms the subject of this action. The piano was not placed in the plaintiff's room, but was left in the defendant's living room. The defendant claims that she allowed the piano to be placed in this room upon the plaintiff's agreement to "make it right" with her for the storage of the piano; but the plaintiff denies such an agreement. On May 24, 1915, the plaintiff left the defendant's premises after giving two weeks' notice of her intention to leave, and after paying room rent to that date at the rate of $8 per week. At that time the defendant claimed that the room was rented by the year, and presented to the plaintiff a bill as follows:

October 5, 1914, to May 24, 1915, 33 weeks.

| | |
|---|---|
| Price by the season, per week, $9.00 | $297.00 |
| Price paid as per agreement by the year, at price per week, $8.00 | 264.00 |
| Balance due | $ 33.00 |

The plaintiff refused to pay this bill, and the defendant retained the piano. It further appears that at the same time the plaintiff delivered the keys to the defendant, and thereafter the defendant rented the room and received during the unexpired period of the alleged yearly lease the sum of $50.50 rental for the room. Upon this testimony the trial justice gave judgment "in favor of the defendant, and awarding her $101.50 and costs, the value of defendant's lien, and providing that, in case the said sum is not paid by plaintiff, defendant is entitled to possession of said piano until said sum herein awarded is collected or otherwise paid." The amount for which the trial justice rendered judgment is apparently based upon a finding that the room occupied by the plaintiff was hired by the year, and that the defendant is entitled to a lien on the piano for the unpaid portion of the rental of the room, less the amount received by the defendant during the summer from other parties.

[1, 2] It is to be noted that the trial judge apparently did not find that the defendant is entitled to a lien for storage on the piano, but only for the unpaid rental of the room. As a matter of fact, even if we assume that the plaintiff agreed to pay what was "right" for storage of the piano, yet the defendant utterly failed to establish a lien for storage. In the first place, the defendant on May 24th, when she refused to deliver to the plaintiff her piano, did not make any claim for storage, but only for damages for plaintiff's failure to retain the room for a year; in the second place, the defendant failed at the trial

to show the reasonable value of the storage of a piano in a boarding house parlor. It follows, of course, that the judgment can be sustained only if the defendant on May 24th had a lien for the unpaid balance of rent of the room for the term for which it was hired. At that time concededly the plaintiff had paid the rent of the room up to the date of her departure. The claim of the defendant was really for future rent, or for breach of contract to keep the room for a year. The statute, however, gives a lien only for accommodation, board, lodging, and extras furnished. Its language cannot possibly be extended to cover future rent, or damages under a yearly hiring. Inasmuch as the plaintiff on May 24th had paid for all accommodation, etc., furnished her at that time, the defendant had no lien on the piano.

[3, 4] Moreover, I do not find in the record any justification for the amount of the judgment. Assuming, as we must on this appeal, that the hiring of the room was by the year, the defendant would prima facie be entitled to the rent at the rate of $8 per week for the unexpired period of 19 weeks. The plaintiff, however, showed that she gave the keys to the defendant, and that the defendant thereafter rented the room. Concededly these acts on the part of the defendant constituted a surrender and acceptance, at least from the date of the re-renting. Gray v. Kaufman Dairy Co., 162 N. Y. 389, 56 N. E. 903, 49 L. R. A. 580, 76 Am. St. Rep. 327.

[5] The record does not show the date of the acceptance of the surrender, but inasmuch as the plaintiff has shown that the surrender was actually accepted at some time, the defendant cannot claim rent for the entire period, and the burden is on her to show the period for which she is entitled to rent.

Judgment should therefore be reversed, and a new trial ordered, with $30 costs to appellant to abide the event.

WHITAKER, J., concurs. PENDLETON, J., concurs in result.