MANHATTAN ISLAND HOTEL CORPORATION, Plaintiff, *v.* BELLE B. GIBBS, Defendant.

City Court of New York, March 5, 1925.

**Judgments — res judicata — action to recover rent of apartment under written lease requiring tenant to make good deficiency in event of default — tenant interposed judgment in prior action for replevin of chattel, on which landlord claimed lien for non-payment of rent, as res judicata — prior judgment not conclusive as to future rent — words in prior judgment indicating decision " on the merits " not conclusive.**

A judgment obtained by the defendant in a prior action for the replevin of a chattel on which the plaintiff herein claimed a lien for non-payment of rent

for an apartment, awarding the possession of the said chattel to the defendant, may not be interposed as *res judicata* in plaintiff's action to recover the rent of the apartment, the lease for which required the tenant, defendant herein, to make good any deficiency in the event of default, where the defendant never took possession, for the said judgment was not conclusive as to the question of whether the plaintiff would have a cause of action for rent at the expiration of defendant's term, since, under the provisions of the lease, which was in evidence in the former action, the amount of deficiency to which the plaintiff, as landlord, was entitled, could not be determined until the end of the term.

The finding in the prior judgment that the plaintiff had no lien upon the chattel, though the words " on the merits " are contained in the judgment, is not a bar to plaintiff's action for rent, nor would a determination that the action for rent was prematurely brought preclude a subsequent suit after the right of action has accrued.

MOTION by defendant to set aside verdict for plaintiff in action to recover rent under written lease.

*Boudin & Wittenberg,* for the plaintiff.

*McAneny & Bacon,* for the defendant.

CALLAHAN, J.:

Action to recover rent under a written lease. The lease was of an apartment in the Hotel Bellclaire and was made on June 9, 1922, for a term commencing October 1, 1922, and ending October 1, 1923. The rental was $2,000, payable in monthly installments, the first month's rent being payable at the time of the execution of the lease. At the time of the making of the lease the defendant was in possession of another apartment in the hotel under a lease expiring September 30, 1922. Defendant never took possession under the new lease, but removed from the premises on or about September 29, 1922, having paid all rent due under the prior lease. At the time of such removal she attempted to take with her a certain lamp belonging to her, but was prevented by plaintiff, who claimed an innkeeper's lien. She thereafter brought an action against this plaintiff in the Municipal Court to replevin said lamp.

Defendant (plaintiff here) appeared in such action and answered, setting up as an affirmative defense the making and execution of the lease of June ninth, the non-payment of rent thereunder, and its lien on said lamp for the amount of said unpaid rent. At the trial the defendant landlord moved to amend its answer, so as to increase its claim to $2,000, the amount of rent under the lease for the entire term, the defendant stating that it would make allowances, so as to bring the amount within the jurisdiction of the court. Plaintiff not objecting, the amendment was allowed. The lease provided that in case of default in any of the covenants the landlord might, at its option, resume possession and relet the premises for the remainder

of the term at the best rent it could obtain for the benefit of the tenant, who shall make good any deficiency.

Upon the trial in the Municipal Court, which took place on May 21, 1923, the defendant offered proof as to the amounts received on reletting, and the decision of the court found for the plaintiff for the possession of the chattel subject to the lien of defendant for $506.34, and directed judgment to be entered accordingly. Plaintiff appealed from the judgment entered thereon, and the Appellate Term, without opinion, reversed the judgment, its order of reversal, so far as here material, reading as follows: " Judgment awarded plaintiff for the possession of the chattel described in the affidavit annexed to the summons, and counterclaim dismissed on the merits."

The defendant tenant in this action sets up said judgment as *res adjudicata*. It has been held that a judgment is conclusive between the parties upon all matters embraced within the issues in the action which were or might have been litigated therein. *Goebel* v. *Iffla*, 111 N. Y. 170; *Williams* v. *Barkley*, 165 id. 48.) This rule, however, is subject to the limitation that the record must show that the decision could not have been made without deciding the particular matter in controversy. (*Williams* v. *Barkley, supra; House* v. *Lockwood*, 137 N. Y. 259.) As was said in *Griffen* v. *Keese* (187 N. Y. 454, 464): " It has been sometimes stated to be the general rule that a judgment is conclusive not only upon the question actually contested and determined, but upon all matters which might have been litigated and decided in the same suit. This is doubtless true of all matters properly belonging to the subject of the controversy and within the scope of the issues. But that is not the rule when the second suit, although between the same parties, is on a different cause of action. In such a case the judgment is not conclusive on all matters which might have been litigated in the former action, but only as to such points or questions as were actually in issue and adjudicated therein." (See, also, *Rudd* v. *Cornell*, 171 N. Y. 114, 128.)

The defendant's claim in the replevin action was that it had a lien on the chattel, and such claim was asserted as a defense. The fact that during the trial it amended its answer by asserting a larger lien did not change the character of its plea. Assuming, however, that its claim might be considered as characterized by the Appellate Term, a counterclaim, the question arises as to what issues could have been determined in that action. It is evident that the only questions involved were (1) whether or not defendant had a lien on the chattel, and, if so, the amount thereof; and (2) treating the claim as a counterclaim for rent under the lease, whether or not such a cause of action existed in favor of defendant. Under the

Lien Law it clearly had no lien on the chattel for future rent. (Lien Law, § 181; *Coe* v. *Haight*, 95 Misc. 603.)

Furthermore, under the provisions of the lease, which was in evidence in said action, the amount of deficiency which defendant was entitled to recover could not be determined until the end of the term. (*Harding* v. *Austin*, 93 App. Div. 564.) Hence, under the foregoing rules as to the application of the doctrine of *res adjudicata*, the judgment of the Appellate Term is conclusive solely as to such issues and is not determinative of the question of whether defendant would have a cause of action for rent at the expiration of the term.

But, even assuming that the question of plaintiff's liability for rent might have been decided on the merits, such adjudication is not a bar unless it appears that it must have been on the merits. (*Clark* v. *Scovill*, 198 N. Y. 279.) At any event, the words " on the merits " contained in the judgment of the Appellate Term are not conclusive. The record may be searched, and when it appears therefrom that the judgment might have been rendered upon a ground not involving the merits, the presumption is that it was not upon the merits. (*Jones* v. *Gould, No. 1*, 145 App. Div. 271.) The finding that defendant had no lien would not be a bar to this action, nor would a determination that the action for rent was prematurely brought prevent a subsequent suit after the right of action has accrued. (*Converse* v. *Sickles*, 146 N. Y. 200.) The words " on the merits " should be disregarded here. (*Lodewick* v. *Cutting*, 121 Misc. 348.)

Motion to set aside verdict is denied. Defendant may have ten days' stay of execution and thirty days to make and serve a case. Submit order.