MARGARET E. CLARK, Appellant, v. EDWARD T. SCOVILL et al., as Executors of JOHN HYLAND, Deceased, Respondents.

Judgments — when judgment is a bar to subsequent action for same cause — unauthorized insertion of words " on the merits " in judgment dismissing complaint — power of Supreme Court to correct such a judgment.

A judgment is not a bar to a subsequent action for the same cause when the verdict on which it was entered *might* have been directed on the merits; the true rule is, that it is not a bar unless it *must* have been directed on the merits.

In determining whether a judgment is a bar, the judgment roll is the primary but not the exclusive guide, and when it appears therefrom that the judgment might have been rendered on the merits, or upon a ground not involving the merits, the presumption is that it was not

upon the merits and the burden is upon the one who claims it is a bar to show by extrinsic evidence consistent with the judgment roll that it was in fact rendered on the merits.

In an action against the executors of a decedent upon a promissory note, the plaintiff made out a *prima facie* case. The defendants did not move for a nonsuit nor controvert the evidence presented by the plaintiff but established (1) a want of jurisdiction in the Supreme Court to try the action, because the Surrogate's Court had acquired jurisdiction of the claim, under an agreement that it should be heard and determined upon the judicial settlement of the executors, and (2) that the short Statute of Limitations applied to the action as brought in the Supreme Court. They did not attack the genuineness of the note. The court directed a verdict in defendants' favor "on the pleadings and on the facts as proved." Judgment was thereupon entered "dismissing the complaint on the merits," with costs. Subsequently, when the claim came on to be tried before the surrogate, the defendants sought to interpose the judgment as a bar. The plaintiff thereupon moved in the Supreme Court to have the judgment corrected by striking therefrom the words " on the merits." *Held*, that the judgment in question is not a bar, that the insertion of the words " on the merits " in the judgment was without authority and that the motion to strike out, whether necessary or not, was proper because they were inserted without right and tended to mislead.

The Supreme Court was not deprived of power to correct the judgment by striking out the words " on the merits," because the motion was not made within one year nor even within two years after the filing of the judgment roll. That court has inherent power to make a judgment conform to the decision even if statutory authority is wanting.

*Clark* v. *Scovill,* 133 App. Div. 821, reversed

(Argued March 15, 1910; decided April 26, 1910.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 10, 1909, which reversed an order of Special Term whereby the clerk was directed to strike from a judgment formerly entered in this action the words " on the merits" wherever the same appeared therein.

The general history of this protracted litigation may be learned by reading the reports of its passage through the courts. (88 App. Div. 392; 111 App. Div. 35; 116 App. Div. 923; 133 App. Div. 821; 185 N. Y. 541; 191 N. Y. 8.)

The action was commenced on the third of January, 1905,

to recover from the defendants, as the executors of John Hyland, deceased, the amount of a promissory note for $10,000 alleged to have been made by him on the first of February, 1900, and forthwith delivered to the plaintiff for value. The answer contained several defenses. (1) A general denial in substance. (2) Want of jurisdiction in that after the claim founded on said note had been presented to the executors by the plaintiff and rejected by them, both parties by a writing duly signed and filed pursuant to statute (Code Civ. Pro. § 1822) consented that said claim " be heard and determined by the surrogate of Livingston County upon the judicial settlement of the accounts of said executors." (3) The short Statute of Limitations in that the action was not commenced within six months after the rejection of said claim.

On the third of October, 1906, judgment was entered in favor of the defendants and against the plaintiff " dismissing the complaint upon the merits and for the sum of $67.88 costs." Said judgment, as it recites, was entered on a verdict " rendered by the direction of the court " at a Trial Term held on the first of October, 1906, in the county of Steuben.

Some years later, in said proceeding which had been stipulated for trial before the surrogate of Livingston county, the defendants sought to interpose said judgment as a bar and on the eleventh of January, 1909, the motion now before the court was made by the plaintiff at a Special Term held by the justice, who directed the verdict, to strike from the judgment the words " on the merits." The motion was granted, but on appeal to the Appellate Division the order was reversed and the motion denied. The plaintiff obtained leave to appeal to the Court of Appeals and the following questions were certified : " 1. Had the Supreme Court power to grant the order appealed from ? 2. Was the judgment entered upon the verdict as directed by the court at Trial Term a judgment upon the merits ? "

*Charles D. Newton* and *Charles W. Stevens* for appellant. The trial in the court below was not upon the merits; no verdict upon the merits was directed or rendered, and the interpolation in the judgment of the words " upon the merits " was without sanction of law or fact. (*Converse* v. *Sickles,* 146 N. Y. 207; *Genet* v. *D. & H. C. Co.,* 170 N. Y. 278; *Petrie* v. *Trustees of Hamilton College,* 92 Hun, 81; *Freeman* v. *U. S. E. L. Co.,* 59 Hun, 341; *Card* v. *Meincke,* 70 Hun, 382; *Marsh* v. *Masterton,* 101 N. Y. 407.) Courts have inherent power over and control of their own judgments, and will modify or correct the same to accord with what is right and just, without limitation by sections 724 or 1290 or like sections of the Code of Civil Procedure. (*Ladd* v. *Stevenson,* 112 N. Y. 332; *Matter of Cartier* v. *Spooner,* 118 App. Div. 344; *Matter of City of Buffalo,* 78 N. Y. 370; *Furman* v. *Furman,* 153 N. Y. 309; *Vanderbilt* v. *Schreyer,* 81 N. Y. 648; *Dinsmore* v. *Adams,* 48 Hun, 274; 5 Hun, 149.)

*Fletcher C. Peck* for respondents. It was not within the power of the court at Special Term to correct or amend the judgment in question after an affirmance by the Appellate Division and the Court of Appeals. (*Heath* v. *N. Y. B. L. B. Co.,* 146 N. Y. 269; *Ray* v. *N. Y. B. E. R. R. Co.,* 34 App. Div. 3; *Meldon* v. *Devlin,* 39 App. Div. 581.) The judgment entered upon the verdict of the jury in this case was in all respects regular and was a judgment on the merits. (*Wolf* v. *G. F. Ins. Co.,* 43 Barb. 400; 41 N. Y. 620; *Price* v. *Holman,* 135 N. Y. 124; *Columbia Bank* v. *G. T. Church,* 127 N. Y. 361; *Woodbridge* v. *F. Nat. Bank,* 166 N. Y. 238; *Place* v. *Hayward,* 117 N. Y. 487; *Van Derlip* v. *Keyser,* 68 N. Y. 443; *Neuberger* v. *Keim,* 134 N. Y. 36; *Bliven* v. *Robinson,* 152 N. Y. 333; *Keyes* v. *Smith,* 183 N. Y. 376.)

Vann, J. The main question presented by this appeal is whether the judgment before us was rendered on the merits. The learned justices of the Appellate Division were of the

opinion that as the verdict *might* have been directed on the merits the judgment is a bar, but according to the true rule it is not a bar unless it *must* have been directed on the merits. The judgment roll is the primary but not the exclusive guide to determine the question and when it appears therefrom that the judgment might have been rendered on the merits, or upon a ground not involving the merits, the presumption is that it was not upon the merits and the burden is upon the one who claims it is a bar to show by extrinsic evidence consistent with the judgment roll that it was in fact rendered on the merits.

Thus, more than forty years ago, all the justices of the Supreme Court of the United States united with Mr. Justice NELSON in laying down the following rule upon the subject : " As we understand the rule in respect to the conclusiveness of the verdict and judgment in a former trial between the same parties, when the judgment is used in pleading as a technical estoppel, or is relied on by way of evidence as conclusive, *per se*, it must appear, by the record of the prior suit, that the particular controversy sought to be concluded was necessarily tried and determined — that is, if the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties ; and further, in cases where the record itself does not show that the matter was necessarily and directly found by the jury, evidence *aliunde* consistent with the record may be received to prove the fact ; but, even where it appears from the extrinsic evidence that the matter was properly within the issue controverted in the former suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination, it will not be concluded." (*Packet Company* v. *Sickles,* 5 Wall. 580, 592.)

So in a still earlier case before the Court of Errors in this state, after a careful review of the authorities in this country as well as in England, all the judges concurred in holding that a verdict cannot be urged as an estoppel to the litigation

of a fact which was not necessarily passed upon by the jury in the previous suit. ( *Wood* v. *Jackson*, 8 Wend. 9, 36.)

The later authorities are to the same effect. In *Lewis* v. *Ocean Navigation & Pier Co.* (125 N. Y. 341, 348) the court said : " In such a case where a judgment may have proceeded upon either or any of two or more different and distinct facts, the party desiring to avail himself of the judgment as conclusive evidence upon some particular fact, must show affirmatively that it went upon that fact, or else the judgment is open for a new contention." (See, also, *Bell* v. *Merrifield*, 109 N. Y. 202, 211 ; *People ex rel. Bridgeman* v. *Hall*, 104 N. Y. 170, 178 ; *Matter of Spelman* v. *Terry*, 74 N. Y. 448, 451.)

Even if the merits were involved in one of several issues presented by the pleadings, there is no bar unless that particular issue was actually passed upon and nothing can be left to conjecture as to whether it was passed upon or not. ( *Washington, Alexandria & G. Steam Packet Co.* v. *Sickles,* 24 How. [U. S.] 333 ; Herman on Estoppel, §§ 252, 280.)

In this action there were several issues : 1. Was the note a forgery ? 2. Was the note outlawed ? 3. Did the Supreme Court have jurisdiction to hear the case ? The first and second issues involved the merits, but the third did not, and since the court did not have jurisdiction, as we held on a former appeal in this action, obviously it could not pass upon any issue involving the merits. (*Clark* v. *Scovill,* 191 N. Y. 8.) A court without jurisdiction cannot determine an action on the merits, but can simply dismiss for want of power to try. As there was a general verdict, the presumption from the face of the record is that the merits were not pased upon in any way, because it was not necessary that they should be. Therefore, on the motion to correct the judgment by striking from the postea the words " on the merits," the burden was on the defendants to show by extrinsic evidence that the presumption arising from the record was untrue and that the merits were actually passed upon. This they utterly failed to do, for the extrinsic evidence proved that no issue except one not involving the merits was necessarily passed upon.

The general course pursued upon the trial was as follows: The plaintiff made out a *prima facie* case upon her note, read it in evidence and rested. The defendants did not move for a nonsuit, nor controvert the evidence presented by the plaintiff, but they introduced certain written evidence, which, with some admissions made by the plaintiff, established: (1) A want of jurisdiction in the Supreme Court to try the action, because the Surrogate's Court had acquired exclusive jurisdiction of the claim on which the action was brought; and (2) that the short Statute of Limitations applied to the action as brought in the Supreme Court. They did not attack the genuineness of the note. None of the evidence introduced by the defendants was controverted or explained by the plaintiff. When the defendants rested their counsel asked the court to direct a verdict in their favor " on the pleadings and on the facts as proved," and the motion was granted against the objection of the plaintiff. In the case as settled for the appeal from the judgment it was stated that " No question was raised by the defendants as to the sufficiency of the proof on the part of the plaintiff in establishing the execution and delivery of the note," and the trial judge, as a part of the case, certified that he " accepted as an established fact the statement contained in the record as to the making and delivery of said note."

In granting the motion to correct the judgment, the trial justice said in his opinion that " it was not the intent of the parties to have a decision of this case upon the merits, but the purpose of bringing it on for trial was to get a decision for the purpose of having a review of the whole matter in the Court of Appeals that it might be determined whether or not the Supreme Court had jurisdiction of the matter, inasmuch as the parties before the commencement of this action had by written consent stipulated to try out the matter and have it determined by the surrogate of Livingston county on the judicial settlement of the accounts of the defendants. * * * The fact of the matter is it was never contemplated that this complaint should be dismissed upon the merits, and putting

those words in the judgment was incorporating something that was not contemplated on the trial and is not disclosed by the record and it was, therefore, improper."

We think that the judgment in question is not a bar, because the presumption from the record that the verdict was not directed on any issue involving the merits has not been rebutted, but, on the other hand, it has been confirmed by the extrinsic evidence. The insertion of the words " on the merits " in the postea was wholly without authority and the motion to strike out, whether necessary or not, was proper, because they were inserted without right and tended to mislead. (Code Civ. Pro. § 1209.)

The power of the Supreme Court to grant the order is challenged by the defendants under sections 724, 1282 and 1290 of the Code, because the motion was not made within one year, nor even within two years after the filing of the judgment roll. It is to be observed that the motion was not to set aside the judgment but to make it conform to the decision. This the court had inherent power to do, even if statutory authority is wanting. " The whole power of the court to relieve from judgments taken through ' mistake, inadvertence, surprise or excusable neglect,' is not limited by section 724; but in the exercise of its control over its judgments it may open them upon the application of any one for sufficient reason, in the furtherance of justice. Its power to do so does not depend upon any statute, but is inherent, and it would be quite unfortunate if it did not possess it to the fullest extent." (*Ladd* v. *Stevenson*, 112 N. Y. 325, 332.) " The power does not depend upon section 724 of the Code, but it exists independently of that, and inheres in the very constitution of the court." (*Vanderbilt* v. *Schreyer*, 81 N. Y. 646, 648; *McCall* v. *McCall*, 54 N. Y. 541, 548; *Furman* v. *Furman*, 153 N. Y. 309, 314; *Matter of Henderson*, 157 N. Y. 423, 426; *Matter of Cartier* v. *Spooner*, 118 App. Div. 342, 344.) The delay in making the motion, as the learned justice who decided it held, " was fully and satisfactorily explained."

The order of the Appellate Division is reversed and that of

the Special Term affirmed, with costs in both courts; the first question certified is answered in the affirmative and the second in the negative.

CULLEN, Ch. J., HAIGHT, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Ordered accordingly.