### DOMINGO CIGAR CO. v. MOORE.

(Supreme Court, Appellate Term. November 11, 1910.)

JUDGMENT (§ 951*)—RES JUDICATA—JUDGMENT ON MERITS—BURDEN OF PROOF.
  Where a judgment of dismissal as to a defendant in a former action on the same cause of action did not recite that it was upon the merits, the burden was upon such defendant, when sued again, to show that the former judgment was on the merits, to make it res judicata of the present action.
  [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1809; Dec. Dig. § 951.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Domingo Cigar Company against Annie Moore. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Herman B. Goodstein, for appellant.

Thomas A. Eager, for respondent.

SEABURY, J. This action was brought to recover for goods sold and delivered. The defense was res adjudicata. Upon the trial, the defendant introduced in evidence a judgment roll of the Municipal Court, wherein it appears that a previous action was brought by the same plaintiff against the same defendant and one James Moore to recover upon the same cause of action. Upon the summons in the previous action, the following indorsement appears:

"Judgment for the plaintiff against the defendant James Moore; complaint dismissed as to defendant Annie Moore."

The minutes of the previous trial are not attached to the return. In the absence of the words "upon the merits" appearing upon the judgment roll, and in the absence of something in the record to disclose that the previous dismissal was upon the merits, the lower court erred in holding the previous judgment to be a bar. So far as it appears from the judgment roll in the first action, the judgment was not necessarily upon the merits. Under these circumstances, the burden was upon the one who claimed that it was a bar to show that the judgment was in fact upon the merits. Clark v. Scovill, 198 N. Y. 279, 91 N. E. 800. This burden the defendant made no attempt to sustain by extrinsic evidence consistent with the judgment roll.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.