BUFFALO COMMERCIAL BANK v. NICE et al.

(Supreme Court, Special Term, Erie County. August, 1912.)

JUDGMENT (§ 326*)—AMENDMENT AND CORRECTION OF RECORDS—ENTRY OF JUDGMENT.

Under the court's inherent power over its own records, and authority to relieve from judgments taken or entered through mistake, inadvertence, or excusable neglect, and on good and sufficient reasons to make proper amendments in the furtherance of justice, the Supreme Court was authorized to amend a judgment nunc pro tunc, so as to have the caption read "Supreme Court, County of Erie," instead of "County Court, County of Erie."

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 628; Dec. Dig. § 326.*]

Action by the Buffalo Commercial Bank against John L. Nice and another. Demurrer to complaint overruled, with leave to answer within 20 days upon payment of costs.

Appeal dismissed, 138 N. Y. Supp. 1109.

Thomas C. Burke, of Buffalo, for plaintiff.
Augustus Thibaudeau, of Niagara Falls, for defendants.

WHEELER, J. The complaint declares upon a judgment alleged to have been recovered by the plaintiff against the same defendants in the Supreme Court, upon the defendants' default on the 7th day of February, 1902. The validity of the judgment sued on turns upon the power of this court, by order, to amend and correct the judgment then entered; the plaintiff's attorney having, by inadvertence entered the judgment in the "County Court," instead of in the Supreme Court, and the Supreme Court, at Special Term, by an order dated January 10, 1910, directed that the judgment so entered be amended nunc pro tunc as of the 7th of February, 1902, so as to have the caption read, "Supreme Court, County of Erie," instead of "County Court, County of Erie."

In support of the demurrer, the defendants' counsel contends the court had no power or authority to order the amendment made, and the judgment was therefore a nullity, for the reason that by virtue of sections 724, 1282, and 1290 of the Code of Civil Procedure, the mo-

tion to amend was not made within one year, nor even within two years after the filing of the judgment roll. It is now, however, definitely settled by the decision of the highest court of this state that the court has inherent power over its own records, and full authority to relieve from judgments taken or entered through mistake, inadvertence, or excusable neglect, and for good and sufficient reasons may make proper amendments in the furtherance of justice. Clark v. Scovill, 198 N. Y. 279, 91 N. E. 800, and cases cited. See, also, Bohlen v. M. E. Ry. Co., 121 N. Y. 546–550, 24 N. E. 932. It did not exceed its authority in the case of the judgment sued on.

For these reasons, the demurrer must be overruled, with costs, with the privilege of answering within 20 days upon the payment of such costs. Let a decision be prepared accordingly.

So ordered.