## MENDOLA v. ILLINOIS SURETY CO.

(Supreme Court, Special Term, New York County. December 26, 1912.)

1. JUDGMENT (§ 340*)—OPENING AND VACATING JUDGMENT—POWER OF COURT.
   In the exercise of its inherent control over its judgments and decrees, the court may open them upon application for sufficient reason in the furtherance of justice, and such power is independent of any statutory authority or limitation.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 666; Dec. Dig. § 340.*]

2. JUDGMENT (§ 350*)—OPENING AND VACATING JUDGMENT—WANT OF NOTICE.
   A proceeding in equity was brought by the creditors of a private Italian banker to recover on a surety bond executed by defendant company under Laws 1907, c. 185, requiring private bankers, etc., to execute a bond, with surety, in the sum of $15,000, conditioned for the faithful transmission of money to foreign countries, and a reference was made to determine claims upon notice published according to Code Civ. Proc. § 786, which publication was made in a metropolitan three-cent paper not likely to reach people of the class entitled to notice, and claims aggregating $7,262 being allowed, judgment discharging the surety company was entered. *Held* that, while the decree will not be opened to allow others similarly situated to come in to the prejudice of diligent creditors, the matter would be referred back to hear and determine the claims of petitioners to the balance of the fund of $15,000; notice of such further hearing to be published in an Italian newspaper to be approved by the court.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 686, 688, 690; Dec. Dig. § 350.*]

Proceedings by Michael Mendola against the Illinois Surety Company. On petition by Antonio Friscia, in behalf of himself and others similarly situated, to open judgment and recommit the matter to the referee for proof of petitioner's claims. Petition granted.

Affirmed 141 N. Y. Supp. 1131.

Michael O. Rini, of New York City, for plaintiff.
Nelson L. Keach, of New York City, for defendant.

PAGE, J. Antonio Friscia petitions the court, in his own behalf and on behalf of others similarly situated, that the judgment heretofore entered in this action be vacated, and for an order sending the matter back to the referee, to the end that the petitioner and others similarly situated having claims against the defendant may be allowed to prove their claims and have the same embodied in the judgment. The action was a suit in equity on behalf of the plaintiffs named, suing on behalf of themselves and others similarly situated, as creditors of one Gagliano, to recover on a bond executed by the defendant and Gagliano for the sum of $15,000, pursuant to chapter 185 of the Laws of 1907, conditioned that Gagliano would faithfully and diligently hold and transmit any and all moneys that should be delivered to him for transmission to foreign countries. Such proceedings were had that an order of reference was made herein to hear and determine all the issues. By the terms of this order it was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

provided that all persons having or making claims upon the said bond—

"be, and they hereby are, required to exhibit their demands and prove their claims upon the trial of this action before the referee; otherwise, they will be excluded from the benefit of this order and from sharing in the distribution of the fund from said bond and from suing on said bond."

It was further ordered that notice of the hearing before the referee and of the above direction be published according to section 786 of the Code of Civil Procedure. These notices were duly published as required by said order, and claims were presented and allowed to various persons, amounting in the aggregate to $7,262.75, and judgment was duly entered for that amount and costs on the 20th of June, 1911. The judgment contained the following provision:

"It is further ordered and adjudged and decreed that the defendant Illinois Surety Company, by paying the amounts of the judgments as above stated, be discharged from any further liability on the bond given by the said Illinois Surety Company on the 6th day of August, 1907, in behalf of Antonio Gagliano, in pursuance of chapter 185 of the Laws of 1907, and that all the parties that have not come into this action and proven their claims are foreclosed and enjoined from ever asserting any claim against the Illinois Surety Company upon the aforesaid bond."

The defendant paid and satisfied said judgment. The petitioner does not allege any defect or irregularity in this action, but sets forth that the judgment did not exhaust the amount of the bond, and alleges that the notice was published in the English language, which he could not read, and in newspapers which he never read, and that most of the persons situated as the petitioner in regard to the matters set forth in the petition were in the same predicament, and therefore had no notice of this action or of the proceedings had and taken herein upon which the judgment was rendered.

[1] It is well settled that in the exercise of its control over its judgments and decrees this court may open them upon the application of any one for sufficient reason in the furtherance of justice, and that this power is inherent and independent of any statutory authority or limitation. Ladd v. Stevenson, 112 N. Y. 325, 19 N. E. 842, 8 Am. St. Rep. 748; Clark v. Scovill, 198 N. Y. 279, 286, 91 N. E. 800. It appears that the provision for notice contained in the interlocutory judgment herein made no specific designation of a newspaper in which it was to be advertised. The local paper chosen pursuant to statute in which the notice was published was the Evening Post, a three-cent newspaper published in New York City. It would hardly be possible to find a newspaper less likely to reach the attention of the class of claimants entitled to notice, who are poor people, of foreign birth and almost exclusively Italian. While the notice complies with the letter of the law, it nevertheless affords some excuse for the default of persons within this class, who had no actual notice of the hearings before the referee.

[2] It remains to be determined whether equity and justice to all parties concerned will permit the opening of this decree. The purpose and ground of equity intervention in these cases, where the

obligation on the bond to individual claimants is clearly one at law, is not to protect the surety. His obligation in the aggregate is only for the face value of the bond. Equity intervenes for the protection of the claimants, in order that the fund provided for their satisfaction may be apportioned equally among them, and each may receive his pro rata share only in the event that their aggregate claims shall finally be found to exceed the amount of the bond. In the present case the claims proved before the referee amounted to little more than half the value of the bond, and a sum of over $7,000 provided by law for the satisfaction and protection of persons who have been defrauded by this Italian banker has not been distributed. Great injustice will be done, and the purpose of the statute pursuant to which this bond was given will be defeated, if bona fide claimants are not given a fair opportunity to obtain relief to the full extent of the bond. While it is always held that where, pursuant to a decree in this class of action, distribution of the fund has been made, the court will not open the judgment to allow others similarly situated to come in. After final decree and before distribution the default of others similarly situated has been opened, and they have been allowed to present their claims to a share of the funds on such terms as may be just. It is evident that, there having been a partial distribution of this fund, the rights of the diligent creditors who have secured the payment of their claims in full should not be impaired by the opening of the default of the less diligent. Therefore, as far as a distribution has already been made pursuant to the decree, the rights of the distributees are absolute, and should new claimants appear in excess of the undistributed portion of the fund the decree should not be opened for the purpose of compelling a restitution of a portion of the amount already awarded to them; but justice requires that the fund provided by law for the payment of these claims should be made available for that purpose to its full extent. Kerr v. Blodgett, 48 N. Y. 62; Matter of Ziegler, 98 App. Div. 117, 90 N. Y. Supp. 681.

The matter will accordingly be referred back to Maxwell C. Lustig, Esq., the referee herein, to hear and determine the claims of this petitioner and all others similarly situated to the balance of the fund of $15,000 originally provided by the bond of the Illinois Surety Company aforesaid, which has not already been distributed pursuant to the judgment previously entered herein on the report of the said referee, and the judgment entered upon the said report will be amended, by striking out so much thereof as provides for the final discharge of the Illinois Surety Company upon its said bond and the foreclosure and injunction of any further claims against the bond. Notice of the further hearings before the referee for this purpose (pursuant to section 786, Code of Civil Procedure) should be published in an Italian newspaper to be approved by this court. Settle order on notice.