MARTIN, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Third Department. May 7, 1913.) Action by Mary Martin, as administratrix, etc., of Otto Martin, deceased, against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

MARTINI, Respondent, v. LONG ISLAND R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 30, 1913.) Action by Louise Martini against the Long Island Railroad Company.

PER CURIAM. Judgment and order of the County Court of Queens County reversed, and new trial ordered, costs to abide the event, for failure to charge the request found at folio 173 of the record.

HIRSCHBERG and THOMAS, JJ., dissent, upon the ground that notice is a legal term used in the classification of actual and constructive knowledge. Hence the ·defendant erroneously requested that recovery could not be had unless the jury found a term used in law to denote knowledge communicated or knowledge implied. It is the function of the jury to find facts, and not terminology. Moreover, the request was faulty, in that it made the recovery dependent upon the notice of a "deep cavity." The defendant's counsel was attempting to preclude recovery unless the jury found notice of a "deep cavity." The court properly charged that the cavity must be of a sufficient depth to make it a negligent act on the part of the defendant to allow it to be maintained without repairs. But the defendant was not permitted to await a deep cavity, or one sufficiently large to entrap the foot of a traveler; but it was its duty, if it had or should have had knowledge, to make the repairs before the dangerous depth had been attained. The request is erroneous in form and substance, and therefore should be affirmed.

MAURIELLO, Respondent, v. DAILY GAZETTE CO., Appellant. (Supreme Court, Appellate Division, Third Department. May 7, 1913.) Action by John Mauriello, an infant, by Antonio Mauriello, his guardian ad litem, against the Daily Gazette Company. No opinion. Judgment and order unanimously affirmed, with costs.

MEANLEY, Respondent, v. LONG ISLAND R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 18, 1913.) Action by Catherine J. Meanley, as administratrix, etc., of Samuel Meanley, deceased, against the Long Island Railroad Company. No opinion. Order setting aside verdict and granting new trial unanimously affirmed, with costs.

MELTON et al. v. FULLERTON-WEAVER REALTY CO. (Supreme Court, Appellate Division, First Department. April 11, 1913.) Action by Samuel Melton and another against the Fullerton-Weaver Realty Company. No opinion. Motion denied, with $10 costs. Order filed.

MENDELSON, Appellant, v. GAUSMAN, Respondent. (Supreme Court, Appellate Division, Second Department. April 18, 1913.) Action by Fannie Mendelson against Ella R. Gausman. No opinion. Judgment (78 Misc. Rep. 457, 139 N. Y. Supp. 947) affirmed by default, with costs.

MENDOLA et al. v. ILLINOIS SURETY CO. et al. (Supreme Court, Appellate Division, First Department. February 14, 1913.) Action by Michele Mendola and others against the Illinois Surety Company and Antonio Friscia. L. L. Kellogg of New York City, for appellant. M. C. Rini, of New York City, for respondent. No opinion. Order (141 N. Y. Supp. 114) affirmed, with $10 costs and disbursements. Order filed.

In re MEYER. (Supreme Court, Appellate Division, First Department. March 7, 1913.) In the matter of Leopold A. Meyer.· No opinion. Appeal dismissed, without costs. Order filed. See, also, 139 N. Y. Supp. 1134; 141 N. Y. Supp. 123.

In re MEYER. (Supreme Court, Appellate Division, First Department. May 16, 1913.) Appeal from Surrogate's Court, New York County. In the matter of the application of Nicholas Meyer, as executor of Mary R. Meyer, deceased. From an order of the Surrogate's Court, denying an application, and affirming an order fixing a transfer tax, applicant appeals. Order affirmed. Robert H. Griffin, of New York City, for appellant. Effingham ·N. Dodge, of New York City, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

INGRAHAM, P. J., and McLAUGHLIN, J., dissent, upon the ground that the only property which purported to pass by the will was the equity of redemption in certain real estate, and the appellant proved there was no such equity.

MEYER v. KRAGH. (Supreme Court, Appellate Division, First Department. May 16, 1913.) Action by Anton M. Meyer against Christian W. Kragh. No opinion. Motion denied, with $10 costs. Order filed. See, also, 141 N. Y. Supp. 1131.

MEYER v. KRAGH. (Supreme Court, Appellate Division, First Department. May 16, 1913.) Action by Anton M. Meyer against Christian W. Kragh. No opinion. Application denied, with $10 costs. Order signed. See, also, 141 N. Y. Supp. 1131.

MILLER et al., Respondents, v. CITY OF PHILADELPHIA et al., Appellants. (Supreme Court, Appellate Division, First Department. January 10, 1913.) Action by Charles F. Miller and others against the City of Philadelphia and others. M. J. O'Brien, for appellants. J. N. Hayes, for respondents. No opinion. Motion denied.