LITZ ENTERPRISES, INC., Appellant, v STANDARD STEEL INDUSTRIES, INC., Respondent.

Fourth Department, April 7, 1977

*George A. Mathewson* for appellant.

*Bond, Schoeneck & King (Robert Meisenhelder* and *John J. Dee* of counsel), for respondent.

MARSH, P. J. A summons and complaint dated December 20, 1973 were served by plaintiff on defendant Standard Steel Industries alleging that between July 30, 1973 and December 5, 1973 at the defendant's request plaintiff performed work, labor and services for defendant Standard consisting of repairing the grandstands at the New York State Fairgrounds for the agreed price and reasonable value of $9,344.45. Defendant Standard answered the complaint on December 20, 1973.

An examination before trial of Glenn Litz, president of plaintiff, elicited that plaintiff's first involvement with the fairgrounds was brought about by contact with Murray Speece and Bill Norman, officers of defendant Pyramid Structural Systems Co., Inc. Speece told Litz that concrete had been poured at the fairgrounds and the forms "gave" some, leaving a lip on the concrete. This was to be ground out and also to be ground were concrete structures denominated lower vomitories, at an hourly rate of $16.32. Glenn Litz understood that he was to be paid by Murray Speece of Pyramid, as Speece was directing him to do the work. Subsequently Pyramid was billed for the work and materials provided. Plaintiff sued Standard as general contractor when Pyramid did not pay.

A complaint for foreclosure of a lien on public improvement listing as defendants, Standard, Industrial Exhibits Authority, State of New York, Pyramid, Maryland Casualty Company and Syracuse Ready Mix Concrete Company, Inc., was served on or about March 13, 1974. Plaintiff alleged in paragraph 6: "Subsequent to the making of said contract and during performance thereof and between the 27th day of July, 1973, and the 5th day of December, 1973, the plaintiff furnished skilled labor, at a rate of $16.32 per hour, to Pyramid Structural Systems Co. and Standard Steel Industries, Inc. for the construction and completion of new grandstands at the New York State Fairgrounds, for a total sum of $9,344.45 due and owing, no part of which has been paid."

In a second cause of action plaintiff asserted that defendants Standard and Maryland Casualty Company would be liable to plaintiff if the moneys due them from the State of New York and the Industrial Exhibits Authority were insufficient to pay the lien. Plaintiff also demanded a judgment against Standard

for the amount of the lien if a valid lien was not established in the action.

On or about February 24, 1975 defendant Standard moved, in the action brought by plaintiff against it solely for work, labor and services on the grandstands, for summary judgment dismissing the cause of action on the ground that there was another action pending between the parties for the same cause of action and upon the further ground that there was no merit to the cause of action asserted in the complaint. The supporting affidavit by Klaus Scheele, president of defendant Standard, alleged in support of the motion that the agreement was solely between plaintiff and Pyramid and that no contractual relationship ever existed between plaintiff and Standard. In support of its motion under CPLR 3211, Standard alleged that plaintiff's foreclosure action sought the same relief against defendant as it asserted in the separate action for work, labor and services against Standard. In an order dated April 22, 1975 Justice JAMES P. O'DONNELL at Supreme Court, Special Term, Onondaga County, dismissed plaintiff's action against defendant Standard. The opinion of Justice O'DON-NELL recited the background facts concerning the engagement of plaintiff to do the repair work on the grandstands, recited the commencement of an action by plaintiff against Standard alone subsequent to the filing of a mechanic's lien and the commencement of a separate action to foreclose the mechanic's lien against Standard, Pyramid, the State, Industrial Exhibits Authority and Maryland Casualty Company. The opinion alluded to the identity of figures and work, labor and services for which judgment is sought in both actions. The opinion additionally recited that no personal contact was had with defendant Standard. The opinion then alluded to the failure of plaintiff's president to submit an affidavit in opposition to the summary judgment motion and the absence of recitation of facts establishing the contract. Justice O'DON-NELL concluded in his opinion: "In addition to the fact that the Plaintiff could not make out a cause of action for work, labor and services, he has presently another action pending seeking the same relief from the same party. It would appear to the Court that this Plaintiff is adequately protected in his attempt to obtain whatever money is due and owing him by reason of proceeding on his action to foreclose the Mechanic's Lien." No appeal was taken from Justice O'DONNELL's order.

Subsequent to that order, plaintiff moved to amend the

amended complaint in the foreclosure action, the denial of which motion is the subject of the instant appeal. Plaintiff seeks to add new paragraphs to the first cause of action which attempts to set out factual allegations asserting that Pyramid through its employees acted as agents for defendant Standard in hiring plaintiff to do the repair work on the grandstands. Paragraph 8 of the proposed amendment also alleges that Standard ratified the agreement between Pyramid and plaintiff by accepting the repair work after inspection by it and receiving payment based upon such work from the Industrial Exhibit Authority. In a new paragraph 11 of the amended complaint plaintiff asserts that it is a third-party beneficiary of the general contract between Standard and the New York Industrial Exhibit Authority, which general contract states that all subcontractors of the general contractor shall be paid promptly.

Defendant Standard opposed plaintiff's motion to amend the complaint to include allegations against it of contractual theories sounding in agency, ratification and third-party beneficiary upon the grounds that the order of Justice O'DONNELL had determined that there was no contractual relationship between plaintiff and Standard and that this determination works a collateral estoppel, preventing plaintiff from asserting a contractual relationship in the foreclosure action against Standard.

The Justice at Special Term denied plaintiff's motion to amend, holding in a written decision that plaintiff had litigated the question of contractual relationship with Standard, which question was determined adversely to its position and that it was estopped from relitigating the same contractual relationship in the foreclosure action.

Standard moved for summary judgment in the action brought against it by plaintiff, based on the assertion that there was no contractual relationship between plaintiff and Standard. Standard included in its moving papers excerpts from an examination before trial of Glenn Litz, president of plaintiff, wherein it appeared that plaintiff may have contracted solely with the subcontractor Pyramid and not general contractor Standard and that plaintiff only sought to hold Standard liable upon the failure of Pyramid to pay for the correcting work to the grandstands. If it can be determined that Justice O'DONNELL made a final determination upon the merits of the contractual liability between Standard and

plaintiff concerning the repair work to the grandstands, then notwithstanding that such was contained in an order granting summary judgment, estoppel by judgment could be found. *Res judicata* would have application in this situation although plaintiff did not allege the contractual theories that it presently seeks to assert in its amended complaint *(Dye v Lincoln First Bank of Rochester,* 38 NY2d 769, affg 46 AD2d 172). Nor will a party be denied the benefits of *res judicata* where a final order on the merits has not been reduced to a formal judgment, if it is on the merits and the time to appeal has expired *(Vavolizza v Krieger,* 33 NY2d 351; *Slater v American Min. Spirits Co.,* 33 NY2d 443).

The question presented is whether Justice O'DONNELL's order constituted a final determination on the merits of the cause of action between plaintiff and Standard.

"All judicial and academic authority supports the rule that the issues which are litigated or may be litigated in an action can be finally adjudicated only by final judgment on the merits." *(Bannon v Bannon,* 270 NY 484, 490.)

The burden is on the party asserting *res judicata* to show that the prior judgment or determination was on the merits *(Clark v Scovill,* 198 NY 279).

"The main question presented by this appeal is whether the judgment before us was rendered on the merits. * * * [A]ccording to the true rule it is not a bar unless it *must* have been directed on the merits. The judgment roll is the primary but not the exclusive guide to determine the question and when it appears therefrom that the judgment might have been rendered on the merits, or upon a ground not involving the merits, the presumption is that it was not upon the merits and the burden is upon one who claims it is a bar to show by extrinsic evidence consistent with the judgment roll that it was in fact rendered on the merits. * * *

"Even if the merits were involved in one of several issues presented by the pleadings, there is no bar unless that particular issue was actually passed upon and nothing can be left to conjecture as to whether it was passed upon or not." *(Clark v Scovill, supra,* pp 282-283, 284.)

In its motion for summary judgment defendant moved upon two grounds, (1) that no contractual relationship existed between the parties and (2) that an action pending between the

parties seeking the same relief already existed (CPLR 3211, subd [a], par 4). The first ground would necessarily be upon the merits whereas the second would obviously not be on the merits. The decision of Justice O'DONNELL initially recited that it did not appear from the evidence that plaintiff had made out a cause of action against defendant for work, labor and services. But the opinion concluded that plaintiff was adequately protected in another action seeking the same relief from the same party and that this was a ground for dismissing plaintiff's complaint. If we give equal effect to both apparent determinations, then an inconsistency becomes evident. If the order dismissing plaintiff's complaint is to be considered on the merits with respect to its contractual claims against Standard, then the determination that there is another action pending for the same relief will be rendered nugatory for, if we give *res judicata* effect to the final determination that there is no contractual liability between the parties, no issue of liability remains to be passed upon in the other existing litigation. However, it is the fact of the existence of a viable contemporaneous litigation between the same parties for the same relief which brings about the granting of relief, pursuant to CPLR 3211 (subd [a], par 4). It may reasonably be concluded that Justice O'DONNELL did not intend both to assert that plaintiff had the foreclosure action in which he could fully assert his contractual rights against Standard and on the other hand, render a determination upon the merits which would provide the basis for denying plaintiff the opportunity to litigate that contractual liability in the foreclosure action. It cannot be left to conjecture whether or not the court passed upon the merits *(Clark v Scovill, supra;* see, also, 5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.11).

Defendant Standard has not carried its burden of establishing that the order of Justice O'DONNELL was a final determination on the merits with respect to the contractual liability between plaintiff and Standard. Plaintiff should be permitted to serve its amended complaint pursuant to CPLR 3025 (subd [b]).

MOULE, CARDAMONE, SIMONS and GOLDMAN, JJ., concur.

Order unanimously reversed with costs, and motion granted.