Meyer, J.
(dissenting). Because the majority fails to take account of the difference between plaintiff’s common-law cause of action against Water Taxi for the negligence of its own driver and plaintiff’s right against Water Taxi as a self-insurer answerable in compulsory arbitration for the negligence of the hit-and-run driver whose vehicle collided with the taxi in which plaintiff was a passenger, and improperly imposes upon plaintiff rather than Water Taxi the burden of establishing what the arbitrator in fact decided, I respectfully dissent. The thrust of the majority memorandum is that the taxi driver and the hit-and-run driver were joint tort-feasors, that recovery from one joint tort-feasor bars recovery from any other and that having accepted payment of the judgment based on the arbitration award plaintiff has barred herself from recovery unless she can show that the arbitrator considered only the hit-and-run driver’s liability. Though not disputing the first two legs of the syllogism, I cannot accept the third which in my view runs counter to the purpose of the Legislature in enacting uninsured motorist coverage and to our own prior decisions concerning burden of proof in collateral estoppel cases.
The facts as stated in the majority memorandum are correct so far as they go but require supplementation in the following respects: The collision occurred on May 25, 1974. The civil action which is the subject of this appeal was begun by service of summons on August 19, 1974, and the complaint dated September 12, 1974 was apparently served on defendants’ attorneys on September 19, 1974. Plaintiff’s notice of intention to make a claim under the uninsured motorist indorsement was served September 6, 1974. Plaintiff’s demand for arbitration, served September 28, 1974, stated that the claim was "for personal injuries by Rosa Velazquez in the sum of $1,000,-000.00” but also checked the box next to the words "HIT-AND-RUN”. *766 * Defendants moved to stay arbitration on a number of grounds, including that this civil action was pending. Their motion was denied by order entered December 11, 1974, on the basis of a decision in which Mr. Justice Nathaniel Helman pointed to the separateness of the causes of action against Water Taxi in its "two distinct capacities” as the basis for holding that arbitration of the hit-and-run claim was not waived by the bringing of the civil action. The matter then proceeded to arbitration with the result detailed in the majority memorandum, followed by denial of defendants’ motion for summary judgment, and the Appellate Division’s reversal of that denial, the subject of the present appeal.
While it is the general rule that causes of action cannot be split and that, therefore, satisfaction of a judgment obtained against one joint tort-feasor will bar action against any other, that rule, like other phases of the rules of res judicata and collateral estoppel, is predicated upon the policy of conserving judicial resources and preventing harassment of one party by another (cf. White v Adler, 289 NY 34, 42). As with many rules of law, especially those based in policy, the rule is not without exception. Thus it has long been held in New York that when a defendant’s wrongful act causes injury to plaintiff in both person and property, the separate injuries give rise to separate and distinct causes of action and that, therefore, satisfaction of a judgment obtained for one is not a bar to maintenance of an action for the other (Reilly v Sicilian *767 Asphalt Paving Co., 170 NY 40; Timian v Whelan, 128 Misc 192, affd on opn below 219 App Div 859; Finnerty. v Consolidated Tel. & Elec. Subway Co., 82 NYS2d 529; see Jacobus v Colgate, 217 NY 235; and Hunterfly Realty Corp. v State of New York, 74 Misc 2d 345, both holding injury to realty and to personalty to create separate causes of action; see, also, Rosenberg, Collateral Estoppel in New York, 44 St John’s L Rev 165, 168, "seriatim suits may be brought [for personal injury and property damage] without the danger of merger, bar, or the related obstacle of splitting the cause of action”). The basis for the exception we are told in the Annotation entitled Simultaneous Injury to Person and Property As Giving Rise To a Single Cause of Action (62 ALR2d 977, 1003-1004) is "the differences between personal injury and property loss claims in relation to such matters as applicable periods of limitation, assignability and survival, methods of enforcement, measure of damages and their distribution and evidentiary proof’. A further reason for not applying the rule to bar a cause of action is that being a Judge-made rule to promote public policy it should not be applied to frustrate legislatively declared policy, such as the statutory liability created by the State against bank stockholders for the benefit of bank creditors (White v Adler, 289 NY 34, 43-45, supra).
Clearly the exception rather than the rule should be applied in the instant case. The purpose of article 17-A of the Insurance Law is the protection of innocent victims of hit-and-run and other uninsured drivers and the apparent purpose of the arbitration provision included in the indorsement pursuant to statutory authority and the approval of the Superintendent of Insurance (Insurance Law, § 606, subd [b]) is to keep the time and the cost involved in determining the amount to be paid under the indorsement commensurate with the $10,000 per person maximum fixed by subdivision 2-a of section 167 of the Insurance Law. Rights under article 17-A of the Insurance Law are subject to conditions precedent (reporting a hit-and-run accident to the police within 24 hours; filing a notice of intention to make a claim within 90 days, Insurance Law, § 608), while the common-law action is subject only to the three-year limitation provision established by CPLR 214. Article 17-A rights of adults are required to be arbitrated (see footnote above), while a common-law negligence recovery against Water Taxi must be obtained by litigation unless both parties agree to arbitration. The majority memorandum holds *768 satisfaction of the judgment entered on the arbitration award to bar plaintiffs negligence action without any discussion of these policy and procedural differences or of the policies behind the holding of the Reilly line of cases (as distinct from the holding of those cases itself), and notwithstanding that until today the case law has clearly been that subdivision 2-a of section 167 and article 17-A of the Insurance Law contemplate prosecution of the rights of a passenger injured in a collision resulting from the negligence of his or her host and the driver of a hit-and-run vehicle in separate proceedings and in different forums (Matter of O’Brien [Aetna Cas. & Sur. Co.], 33 AD2d 1085; Matter of Powers [Continental Ins. Co.], 29 AD2d 1041; Matter of Alston [Amalgamated Mut. Cas. Co.], 53 Misc 2d 390). The order of the Appellate Division should, therefore, be reversed because, as a matter of law, satisfaction of the judgment entered on the arbitration award cannot bar plaintiff’s common-law action.
Were I to agree that the judgment could collaterally estop plaintiff (as the last paragraph of the majority memorandum seems to suggest), I would nonetheless vote to reverse, for it is the burden of the defendant when he pleads res judicata or collateral estoppel to show that the issue as to which he claims bar, estoppel or preclusion was decided in the prior proceeding. This has long been the rule in New York (Clark v Scoville, 198 NY 279; Lewis v Ocean Nav. & Pier Co., 125 NY 341; Litz Enterprises v Standard Steel Inds., 57 AD2d 34; Rosenberg, op. cit, supra, at p 182; see Rembrandt Inds. v Hodges Int., 38 NY2d 502). Nothing in- the moving papers upon which this appeal is based other than defendant’s ipse dixit supports the conclusion that the arbitrator decided anything more than the dollars and cents value of the hit-and-run vehicle’s apportioned share of the liability. Even under the majority’s theory, therefore, the Appellate Division erred in granting summary judgment and dismissing the complaint, instead of remanding the matter for trial.
For the foregoing reasons, I would reverse the order of the Appellate Division and reinstate the order of Special Term denying defendants’ motion for summary judgment.
Chief Judge Cooke and Judges Jasen, Gabrielli and Jones concur in memorandum; Judge Meyer dissents and votes to reverse in an opinion in which Judges Wachtler and Fuchs-berg concur.
*769 Order affirmed.

 That phrase, the institution of the civil action before service of the notice of intention and the simultaneous processing by plaintiffs attorneys of both, negate the conclusion of the Appellate Division majority, based solely upon the amount claimed, that plaintiff had voluntarily submitted both to arbitration. Whether arbitration by an insured of a "hit-and-run” claim be regarded as originating in contract or statute (as to which see Motor Vehicle Acc. bid. Corp. v National Grange Mut. Ins. Co., 19 NY2d 115, 118-119, characterizing the rights of hit-and-run victims as "statutory” in contrast with the contractual. rights of an insured injured by an uninsured motorist) is not determinative of the rights of plaintiff, who had no contract with Water Taxi or the other defendants, and is required to arbitrate her hit-and-run claim against Water Taxi only because section 370 (subd 1, par [b]) of the Vehicle and Traffic Law mandates that a self-insured taxi company’s bond "provide for uninsured motorists coverage in the minimal amount and in the form provided for” in subdivision 2-a of section 167 of the Insurance Law (see, also, Insurance Law, § 606, subd [b]; 11 NYCRR § 60.4; and New York Automobile Accident Indemnification Endorsement Paragraph 7 [requiring arbitration when "any person making claim” and the insurer do not agree]; and Chemick v Hartford Acc. & Ind. Co., 8 AD2d 264, affd 8 NY2d 756 [dictum that a passenger seeking to recover under indorsement is bound by its arbitration provision];, accord Matter of Alston [Amalgamated Mut. Cas. Co.], 53 Misc 2d 390, 395).